**Vincent WORKMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 08–CF–751.**

District of Columbia Court of Appeals.

Argued Jan. 12, 2011.
Decided Feb. 24, 2011.
Amended March 10, 2011.*

---

* Following the original issuance of this opinion, counsel requested that the opinion be amended to clarify that Workman was represented by different counsel on appeal than at trial. The request is granted by adding footnote six, which reads: "Different counsel represented Workman at trial than on this appeal."

Thomas D. Engle, with whom Sharon L. Burka was on the brief, for appellant.

Jonathan P. Hooks, Assistant United States Attorney, with whom Ronald C.

Machen Jr., United States Attorney, and Suzanne Grealy Curt and S. Vinet Bryant, Assistant United States Attorneys, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, KRAMER, Associate Judge, and FERREN, Senior Judge.

KRAMER, Associate Judge:

Vincent Workman appeals his convictions for first-degree murder while armed, possession of a firearm during a crime of violence (PFCV) and two counts of carrying a pistol without a license (CPWL). D.C.Code §§ 22–2101 to –4502–4504 (b)–4504 (a). Workman argues that the trial court erred by declining to sever one of the CPWL counts from the other counts, and by declining to adopt his proposed language for a jury instruction regarding motive. We find no error and affirm.

## I.  Factual Background

Workman was charged and convicted based on two separate incidents. The first occurred on February 6, 2006, when Workman was alleged to have murdered an acquaintance. Workman was charged with first-degree murder, PFCV and CPWL for his actions on February 6. Later, on March 10, 2006, Workman was arrested. Prior to his arrest, Workman was alleged to have been in possession of a pistol that he left on the rear floorboard of a car. He was charged with CPWL for his actions on March 10. The government alleged that the pistol Workman possessed in March was the murder weapon in February.

Prior to trial, Workman moved to sever the March CPWL count from the other counts to avoid prejudice. Workman argued that joinder was prejudicial because the evidence of the February murder count and the associated weapons charges would be inadmissible at a trial for the

March CPWL count. In addition, without making a specific proffer, Workman argued that he might wish to testify regarding the charges stemming from one day and not the other. Finding that the evidence in the two trials would be mutually admissible, and that Workman had not made a proffer sufficient to show prejudice, the trial judge denied the motion.

At trial, the government did not present any evidence of motive. The court proposed instructing the jury that though motive was not an element the government was required to prove, the jury could consider the presence or absence of motive when assessing whether or not the government had proven its case beyond a reasonable doubt.[1] Workman requested that the court instruct the jury that it could "consider the absence of a motive as support for the defendant's innocence."[2] The trial court declined to give Workman's suggested language.

The jury convicted Workman on all counts, and he now assigns error to both the trial court's denial of his motion to sever, and the court's giving the motive instruction.

## II. Legal Analysis

### A. Severance

■■■ Superior Court Criminal Rule 14 permits a trial court to sever properly joined offenses to avoid prejudice "as justice requires." Super. Ct.Crim. R. 14. To warrant severance, a defendant must show "the most compelling prejudice ... from which the court would be unable to afford protection if both offenses were tried together." Parker v. United States, 751 A.2d 943, 947 (D.C.2000) (internal quotation omitted). The decision whether or not to grant a motion for severance is committed to the discretion of the trial court. Arnold v. United States, 511 A.2d 399, 404 (D.C.1986). We "will overturn the trial court's decision to deny a motion for severance only when the appellant makes a clear showing that the trial court has abused its broad discretion." Cox v. United States, 498 A.2d 231, 235 (D.C.1985). "In order to establish the trial court's abuse of its broad discretion in denying the severance, the appellant must show the most compelling prejudice, from which the court would be unable to afford protection if both offenses were tried together." Bailey v. United States, 10 A.3d 637, 642 (D.C.2010) (citation and quotation marks omitted). " 'The most compelling prejudice' does not encompass all prejudice, for there is the possibility of prejudice whenever similar offenses are joined in a single indictment of a single defendant." Id. In seeking a reversal of the trial court's denial of a severance motion, the appellant must demonstrate more than that he would have stood a better chance of acquittal had the charges been tried separately. Id. at 643.

■■■ Workman moved for severance, arguing that he would be prejudiced by a joint trial. The trial court denied the motion because it found that the evidence in the two trials would be mutually admissi-

---

1. The full instruction was: "Motive is not an element of any of the offenses charged in this case. And the government is not required to prove that the defendant had a motive to commit any of the offenses charged. However, you may consider the presence or absence of motive in determining whether the government has proved the defendant's guilt beyond a reasonable doubt."

2. Workman's suggested instruction was: "The government is not required to prove motive or a reason for a defendant to have committed an offense, because motive is not an element of any of these offenses. However, you may consider the absence of a motive as support for the defendant's innocence."

ble,[3] and because Workman did not make a proffer sufficient to demonstrate prejudice.[4] On appeal, Workman concedes that he did not make a sufficient proffer to demonstrate prejudice. Nevertheless, he argues that the trial court erred when denying severance because the trial court applied an incorrect standard of law. Workman's position is that even where evidence is mutually admissible,[5] the trial court must consider the prejudice a defendant may face by wishing to testify in one

---

3. Relying on *Cross v. United States*, 118 U.S.App.D.C. 324, 326, 335 F.2d 987, 989 (1964), Workman argued that a joint trial could be prejudicial if he wished to testify regarding some counts, but not others. The trial court disagreed. Citing *Leasure v. United States* and *Horton v. United States*, the trial court reasoned that because the evidence from all counts was mutually admissible, the rule in *Cross* was inapplicable. *Leasure v. United States*, 458 A.2d 726, 729 (D.C.1983) ("[I]f the evidence presented by the government as to each of the joined offenses would be admissible in the trial of the other offense, then the rule expressed in *Cross* would *not* come into play.") (emphasis in original); *Horton v. United States*, 377 A.2d 390, 393 (D.C. 1977) (declining to sever counts for prejudice because "evidence of the several crimes would have been admissible in separate trials and appellant would have been questioned on all offenses had he taken the stand"); *see also Crutchfield v. United States*, 779 A.2d 307, 322 (D.C.2001) ("There can be no [undue] prejudice, however, if evidence of each offense is admissible in a separate trial for the other." (quoting *Byrd v. United States*, 502 A.2d 451, 452 (D.C.1985))).

More recently, however, we have suggested several times that *where a defendant makes a sufficient showing of prejudice*, his desire to testify regarding one charge and not another may warrant severance, even where the evidence in the two trials would be mutually admissible. *Shotikare v. United States*, 779 A.2d 335, 340 (D.C.2001) ("Upon a sufficient showing of such prejudice, severance of counts may be required even where, as here, the criterion of mutual admissibility of the evidence in separate trials is met."); *Roy v. United States*, 652 A.2d 1098, 1108 (D.C.1995) (noting that even where evidence is mutually admissible, "*Cross* suggests[ ] that an accused may be prejudiced if he is effectively compelled to testify on one count upon which he wishes to remain silent as a result of the joinder of several offenses for trial"); *Roper v. United States*, 564 A.2d 726, 731 n. 9 (D.C. 1989) ("While it has been said that where offenses are mutually admissible, there can be no harm in trying the offenses together rather than successively, because in either event the jury will hear all about both crimes, this may, in fact, not be true in all cases. One situation where this might not be so, for instance, would be in a case where the defendant wishes to testify as to one offense, but does not wish to testify as to another.") (internal quotation and citation omitted).

Because we affirm the trial court's decision based on Workman's conceded inadequate proffer, we decline to reach the question of whether or not the trial court correctly applied *Leasure* and *Horton* in this instance.

4. Workman argues that the trial court relied exclusively on mutual admissibility to dispose of his motion to sever, and thus we should ignore his admittedly insufficient proffer. We disagree. The trial judge stated that "I don't need to rely on this, but ... I'm not aware that the defense in this case has made any kind of proffer that comes close to ... a convincing showing that he has both important testimony to give concerning one count, and a strong need to refrain from testifying on the other." The trial court was grounding its decision on *both* mutual admissibility and the lack of proffer. Even if the trial court did rely exclusively on mutual admissibility, we could uphold the trial court's ruling based on Workman's lack of proffer if he had a fair opportunity to address the issue. *See Randolph v. United States*, 882 A.2d 210, 218–19 (D.C. 2005) ("[T]he appellant must have had a reasonable opportunity to be heard with respect to the reasoning on which the proposed affirmance is to be based and, where appropriate, he must have been afforded the opportunity to make an appropriate record in the trial court."). As discussed *infra*, Workman had more than ample opportunity to make an adequate proffer.

5. Workman now concedes that the evidence of the March CPWL count would be admissible in a trial for the February murder and weapons counts, and vice versa.

trial, and not the other. Workman further argues that his inadequate proffer should be excused because the trial court's erroneous belief that mutual admissibility necessarily cured any prejudice somehow "lulled" him into declining to make a proffer.

■ We hold that the trial court did not abuse its discretion because despite ample opportunity, Workman failed to make an adequate proffer.[6] In *Roy v. United States*, we found that the trial court did not abuse its discretion where, as here, a defendant claimed that even though the evidence was mutually admissible, his desire to testify in one case but not the other warranted severance. 652 A.2d 1098, 1108 (D.C.1995). There, we stated that

> it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Id.* (citation omitted); *see also Shotikare, supra*, note 3, 779 A.2d at 340 (upholding a denial of severance where evidence was mutually admissible and defendant failed to make an adequate proffer). To warrant

severance, Workman must present more "than [his] desire to testify as to one offense but not another." *Fields v. United States*, 698 A.2d 485, 490 (D.C.1997) (citing *Roy, supra*, 652 A.2d at 1108); *see also Garcia v. United States*, 897 A.2d 796, 802 (D.C.2006) ("[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.") (citations omitted). Stating a bare desire to testify on one charge, but not another, is "simply not enough." *Id.*

Workman had ample opportunity to make a sufficient showing of prejudice, and the court's ruling did not "lull" him into not making a proffer.[7] At the hearing on his motion to sever, Workman's counsel did not present argument, instead relying on his written motion, which merely stated that Workman may wish to testify regarding some charges and not others. After finding that the evidence in all counts would be mutually admissible, the trial court asked Workman's counsel if he had identified which offenses Workman was prepared to testify to; counsel confirmed he had not and made no proffer. Finally, after noting that Workman had not made any proffer sufficient to warrant severance, the trial court invited additional argument, but Workman's counsel indicated that he had none. Considering the record, we are not persuaded that Workman was

**6.** Different counsel represented Workman at trial than on this appeal.

**7.** To support his argument that the trial court "lulled" him into not making a proffer, Workman relies on *In re Walker*, 856 A.2d 579, 586 (D.C.2004), where we stated that this court can uphold a trial court's rulings on alternative grounds provided "the appellant has suffered no procedural unfairness—that is, that she has had notice of the ground upon which affirmance is proposed, as well as an opportunity to make an appropriate factual and legal

presentation with respect thereto." In *Walker*, we found that the appellant had "no notice" of the ground proposed for affirmance. *Id.* In contrast, Workman was specifically informed that the court did not believe he had "made any kind of proffer that comes close to ... a convincing showing that he has both important testimony to give concerning one count, and a strong need to refrain from testifying on the other." Thus, *Walker* is inapposite.

"lulled" into not presenting specifics. Workman was given every opportunity to make a sufficient proffer. We hold that the trial court did not abuse its discretion because Workman failed to make a sufficient proffer to warrant severance for prejudice.

### B. Motive Instruction

▮▮▮ A trial court has broad discretion in fashioning jury instructions, and refusal to grant a requested instruction will not be grounds for reversal "so long as the court's charge, considered as a whole, fairly and accurately state[d] the applicable law." *Blocker v. United States*, 940 A.2d 1042, 1049 (D.C.2008) (internal quotation and citation omitted). In this case, the trial court did not abuse its discretion because the instruction fairly and accurately stated the applicable law.

Workman requested that the trial court instruct the jury that while motive was not an element of any of the offenses, it could "consider the absence of a motive as support for the defendant's innocence." The trial court chose to issue what it considered a more "balanced" instruction, that the jury may consider "the presence or absence of motive in determining whether the government has proved the defendant's guilt beyond a reasonable doubt." Workman argues that the issuance of the instruction constitutes reversible error because it "essentially told the jury that the lack of motive was a neutral factor that could be disregarded." We disagree.

▮▮▮ "A trial court 'need not give the instruction in the precise language that is requested.' " *Payne v. United States*, 932 A.2d 1095, 1101 (D.C.2007) (quoting *Campos v. United States*, 617 A.2d 185, 187 (D.C.1992)). Here, the trial court instructed the jury accurately. The instruction by no means tells the jury to disregard lack of motive—it tells the jury that it may weigh the presence or absence of motive in assessing whether the government has proved its case. *Cf. Tyree v. United States*, 942 A.2d 629, 641 (D.C.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 1612, 173 L.Ed.2d 1000 (2009) ("Although the trial judge should give a timely-requested instruction that presents the defense's theory, the purpose of the judge's instruction is not to repeat and advocate for the defense theory, but to give balanced instructions on both parties' presentations and to convey to the jury that the defense's argument is recognized in law.").

Nevertheless, Workman cites cases where we have held that evidence demonstrating a lack of motive is admissible and argues that a lack of motive is "quintessentially exculpatory." *See Martin v. United States*, 606 A.2d 120, 128 (D.C.1991). As such, he argues that the language in the instruction should have been more forceful. We rebuffed a similar contention in *Bright v. United States*:

> [Appellant] complains that the trial court erred in failing to instruct the jury that the absence of evidence of motive was a factor to be weighed in his favor. However, the trial court instructed the jury, *inter alia*, that while 'the Government is not required to prove motive, ... evidence of motive or absence of proof of motive can be considered by you in deciding whether the Government has proved the charges beyond a reasonable doubt in this case.'

698 A.2d 450, 458 (D.C.1997). As in *Bright*, we find no error in the trial court's decision to issue an instruction that told the jury it could weigh the presence or absence of motive while assessing reasonable doubt, even where the defense requested stronger language.

### III. Conclusion

Because the trial court did not abuse its discretion by denying Workman's motion

to sever his trials, or by issuing its own motive instruction, the decision of the trial court is

*Affirmed.*